IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TODD LACKIE, and wife, ALICIA LACKIE *Plaintiff,* v. E.I. DUPONT de NEMOURS and COMPANY, ATLANTIC TRACK & TURNOUT CO., MID-SOUTH RAIL & CONSTRUCTION, LLC, and RAILSERVE, INC. *Defendants.* | No. _____ |

**NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

Defendant MID-SOUTH RAIL & CONSTRUCTION, LLC, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files a Notice of Removal of this action from the Circuit Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee at Memphis.

Defendants E.I. DUPONT de NEMOURS and COMPANY, ATLANTIC TRACK & TURNOUT CO., and RAILSERVE, INC., consent to the removal of this action from the Circuit Court of Shelby County, Tennessee, to the United States

District Court for the Western District of Tennessee at Memphis as demonstrated by their written consent filed contemporaneously with this Notice of Removal.

## THE REMOVED CASE

1,        On January 5, 2011, the Plaintiffs Todd Lackie and Alicia Lackie commenced a civil action in the State Court, styled as *Todd Lackie, and wife, Alicia Lackie, v. E.I. DuPont de Nemours and Company, Atlantic Track & Turnout Co., Mid-South Rail & Construction, LLC, and Railserve, Inc.*, docketed at CT-000056-11 and assigned to Division II (the "Civil Action"). This action is civil in nature, and attempts to state a claim against defendants for their alleged negligence in selecting, installing, maintaining, and repairing "switch stands" and permitted these "switch stands" to remain in service beyond their useful life or period of safe usage.[1] As a result of this alleged negligence, Plaintiff Todd Lackie alleges he suffered personal injuries on or about January 7, 2010. Plaintiff Alicia Lackie alleges she suffered loss of consortium damages. Plaintiffs' *ad damnum* seeks $3,000,000.00 and a trial by jury. The Civil Action is still pending in State Court.

## LAW AND ANALYSIS

### I)    All Defendants Have Satisfied All Procedural Requirements for Removal

2.        Mid-South Rail & Construction, LLC, first received Summons and Complaint in the Civil Action, by service or otherwise, on February 7, 2011. Copies of the Summons and Complaint are attached hereto as <u>Exhibit A</u>, and constitute all process, pleadings, and orders served upon Mid-South Rail & Construction, LLC in the Civil

---

[1] Briefly, as an Answer has yet to be filed on this matter, no part of the Defendants' discussion of the facts alleged by the Plaintiffs should be construed as an admission or concession of the veracity of those allegations and claims.

Action to Date. A copy of the entire contents of the State Court jacket is attached hereto as <u>Exhibit B</u>.

3. E.I. DuPont de Nemours and Company first received Summons and Complaint in the Civil Action, by service or otherwise, on January 11, 2011.

4. Atlantic Track & Turnout Co. first received Summons and Complaint in the Civil Action, by service or otherwise, on January 31, 2011.

5. Railserve, Inc. first received Summons and Complaint in the Civil Action, by service or otherwise, on January 7, 2011.

6. No previous application has been made for the relief requested herein.

## II) Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as this is a civil action where the amount in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states.

A) <u>Complete Diversity of Citizenship Exists Between the Plaintiffs and Defendants</u>

8. The Civil Action is one of which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, and removal jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446 in that:

    a. The Plaintiffs, Todd Lackie and Alicia Lackie, both at the time of filing of this Civil Action and as of the date of the filing of this Notice assert that each are citizens of the State of Arkansas.

    b. Defendant E.I. DuPont de Nemours and Company, both at the time of filing of this Civil Action and as of the date of the filing of this Notice,

    was and is a Delaware corporation whose principal place of business is located in Delaware.

c. Defendant Atlantic Track & Turnout Co., both at the time of filing of this Civil Action and as of the date of the filing of this Notice, was and is a New Jersey corporation whose principal place of business is located in New Jersey.

d. Defendant Railserve, Inc. both at the time of filing of this Civil Action and as of the date of the filing of this Notice, was and is a Delaware corporation whose principal place of business is located in Georgia.

e. Defendant Mid-South Rail & Construction, LLC both at the time of filing of this Civil Action and as of the date of the filing of this Notice, was and is a Tennessee limited liability company whose principal place of business is located in Tennessee, and whose member resides in Tennessee.

f. Because the Plaintiffs are both citizens of the State of Arkansas, and defendant E.I. DuPont de Nemours and Company, is a citizen of the state of Delaware; defendant Atlantic Track & Turnout Co., is a citizen of the state of New Jersey; defendant Mid-South Rail & Construction, LLC is a citizen of the state of Tennessee and its member is a citizen of the state of Tennessee; and defendant Railserve Inc. is a citizen of the states of Delaware and Georgia, complete diversity of citizenship exists under 28 U.S.C. § 1332.

B) <u>Removal of this Action is Timely</u>

9. This Notice of Removal has been filed within thirty (30) days following receipt by Mid-South Rail & Construction, LLC of a copy of the Summons and Complaint, and therefore, removal is timely under 28 U.S.C. 1446(b).

10. Mid-South Rail & Construction, LLC has, to date, done nothing in the Civil Action in State Court that would in any way affect this Court's removal and subject matter jurisdiction in this case.

11. E.I. DuPont de Nemours and Company consents to the removal of this matter from State Court as demonstrated by its written consent filed contemporaneously with this Notice, and has, to date, done nothing in the Civil Action in State Court that would in any way affect this Court's removal and subject matter jurisdiction in this case.

12. Atlantic Track & Turnout Co. consents to the removal of this matter from State Court as demonstrated by its written consent filed contemporaneously with this Notice, and has, to date, done nothing in the Civil Action in State Court that would in any way affect this Court's removal and subject matter jurisdiction in this case.

13. Railserve, Inc. consents to the removal of this matter from State Court as demonstrated by its written consent filed contemporaneously with this Notice, and has, to date, done nothing in the Civil Action in State Court that would in any way affect this Court's removal and subject matter jurisdiction in this case.

C) <u>Venue is Proper</u>

14. Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division where the Civil Action is pending.

    D)    <u>The Amount in Controversy Requirement is Satisfied</u>

15.    The monetary value of the amount in controversy exceeds $75,000.00 exclusive of costs and interests as required by 28 U.S.C. § 1332(a) because Plaintiffs' Complaint seeks compensatory damages in the amount of $3,000,000.00.

    E)    <u>Unanimity is Met</u>

16.    Lastly, unanimity is satisfied. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." <u>Brierly v. Alusuisse Flexible Packaging, Inc.</u>, 184 F.3d 527, 533 n.3 (6th Cir. 1999). E.I. DuPont de Nemours and Company, Atlantic Track & Turnout Co., Mid-South Rail & Construction, LLC, and Railserve, Inc. all consent to this removal as demonstrated by their written consent filed contemporaneously with this Notice.

17.    Pursuant to 28 U.S.C. § 1446, all Defendants properly joined and served have consented the removal of this matter from the State Court to this Court as demonstrated by the signatures below and by the written consent filed contemporaneously with the Notice.

    F)    <u>Filing of Removal Papers</u>

18.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiffs' Counsel. Also, a Notice of Filing of Notice of Removal is simultaneously being filed in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. A true and correct copy of this Notice being filed is attached hereto as <u>Exhibit C</u>.

**WHEREFORE**, **PREMISES CONSIDERED,** the Defendant Mid-South Rail & Construction, LLC, with the consent of E.I. DuPont de Nemours and Company, Atlantic Track & Turnout Co., and Railserve Inc without waiving and preserving all objections and motions, request that this Court now remove this Civil Action from the Circuit Court of Shelby County, Tennessee, and that further proceedings now be conducted in the United States District Court for the Western District of Tennessee as provided for and consistent with the laws of the United States.

Respectfully submitted,

By: /s/MOLLY GLOVER_____
MOLLY GLOVER, No. 016113
STEVE N. SNYDER, No. 025703
Leitner, Williams, Dooley
 & Napolitan, PLLC
Brinkley Plaza, Suite 800
80 Monroe Avenue
Memphis, Tennessee 38103
Phone: (901) 527-0214
Fax: (901) 527-8224
molly.glover@leitnerfirm.com
steven.snyder@leitnerfirm.com
*Counsel for Mid-South Rail & Construction, LLC*

THOMAS A. WILLIAMS, No. 001688
Leitner, Williams, Dooley
 & Napolitan, PLLC
801 Broad St.
Chattanooga, TN 37402
(423) 265-0214
(423) 267-6625 (fax)
Tom.Williams@Leitnerfirm.com
*Counsel for Mid-South Rail & Construction, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2011, a copy of the foregoing Consent to Removal was filed electronically. Notice of this filing will be sent by operation of the Court's Electronic Case Filing System (CM/ECF) to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's Electronic Case Filing System:

| | |
|---|---|
| MARK LEDBETTER, No. 017637<br>Halliburton & Ledbetter<br>254 Court-Suite 305<br>Memphis, TN 38103<br>(901) 523-8153<br>*Counsel for Plaintiffs* | B. Duane Willis No. 019657<br>Mainer & Herod<br>2200 One Nashville Place<br>150 Fourth Avenue, North<br>Nashville, TN 37219-2494<br>(615) 742-9310<br>bdwillis@manierherod.com<br>*Attorney for Defendant Railserve, Inc* |
| ROBERT L. CRAWFORD, No. 007216<br>AHSAKI E. BAPTIST, No. 025884<br>Wyatt, Tarrant & Combs, LLP<br>1714 Aaron Brenner Dr., Suite 800<br>Memphis, TN 38120-4367<br>(901) 537-1052<br>lcrawford@wyattfirm.com<br>abaptist@wyattfirm.com<br>*Attorneys for E.I. DuPont de Nemours and Company* | S. NEWTON ANDERSON, No. 009335<br>Spicer Rudstrom, PLLC<br>175 Toyota Plaza, Suite 800<br>Memphis, TN 38103<br>(901) 523-1333<br>(901) 526-0213 (fax)<br>sna@spicerfirm.com<br>*Counsel for Atlantic Track & Turnout Co.* |

        /s/Molly Glover
        MOLLY GLOVER