IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED JAN 05 2011
CIRCUIT COURT CLERK
BY _____ D.C.

TODD LACKIE, and wife,
ALICIA LACKIE

    Plaintiff,

Vs.

E.I. DUPONT dE NEMOURS and COMPANY,
ATLANTIC TRACK & TURNOUT CO.,
MID-SOUTH RAIL & CONSTRUCTION, LLC, and
RAILSERVE, INC.

    Defendants.

No. CT-000056-11
JURY DEMAND   Division II

## COMPLAINT

Come now the Plaintiffs, Todd Lackie, and wife, Alicia Lackie, by their attorney, and for his Complaint against the Defendants, E.I. DuPont de Nemours and Company (hereafter "DuPont"), Atlantic Track & Turnout Co. (hereinafter "Atlantic"), and Mid-South Rail & Construction, LLC, (hereafter "Mid-South Rail"), and Railserve, Inc. (hereinafter "Railserve"), who state:

### PARTIES

1.    The Plaintiff, Todd Lackie, resides at 1017 Park, West Memphis, AR, 72301; Defendant, DuPont, is a Delaware corporation authorized to and/or doing business in Tennessee and which has caused tortious injury in Tennessee; its registered agent for service of process in Tennessee is C.T. Corporation, 800 S. Gay Street, Ste. 2021, Knoxville, Tennessee 37929; that the Defendant, Atlantic Track & Turnout Co., is a New Jersey corporation authorized to and/or


EXHIBIT A

doing business in Tennessee and which has caused tortious injury in Tennessee or continued the operation of its predecessor (see Mid-South Rail, infra.); its registered agent for service of process in Tennessee is Jeffrey Grissom, 363 East Bodley, Memphis, TN, 38109; Defendant, Mid-South Rail & Construction, LLC, is a Tennessee corporation whose principal address is 2775 Windham, Germantown, Tennessee 38138; its registered agent for service of process is Sandra Chandler, 2775 Windham, Germantown, Tennessee 38138; that Defendant, Railserve, Inc. is a foreign corporation whose principal address is 1691 Phoenix Blvd., Atlanta, Georgia 30349; its registered agent for service of process is The Prentice-Hall Corporation, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203.

## JURISDICTION

2. This Court has jurisdiction of the subject matter and parties in this cause and venue is proper; Defendants are domiciled or domesticated in or have transacted business in Tennessee or are otherwise subject to service of process under Tennessee statute for having caused an injury in this state.

## ACCIDENT

3. That on the 7th day of January, 2010, Todd Lackie, 39, was severely injured while employed or contracted by Railserve, Inc., a corporate rail-switching enterprise/entity, at their facility at 3614 Fite Road, Millington, TN, 38053. Defendant, DuPont, is or was the owner of a series of railroad spur tracks and switch stands associated with Plaintiff's accident and injuries, including any aggravation thereof; that Plaintiff, Todd Lackie, sustained a severe spinal injury due to a primitive and faulty rail switch stand maintained by DuPont, Mid-South Rail, Atlantic

2

and Railserve, Inc.; that said switch stand lacked adequate operator, safety and maintenance instructions and safety devices, was of poor design and failed to perform in its intended manner; that the injuries of Todd Lackie in the occurrence described here required and will continue to require extensive medical care and hospitalization; he has incurred medical expenses in excess of $84,600.00 to date; these medical expenses are ongoing; said accident caused him to otherwise sustain monetary or pecuniary loss and includes past and future earnings' loss and impairment of his capacity to earn and will require future and lifetime medical care and attendant costs, for which claim is hereby made. Plaintiff has also suffered and continues to suffer excruciating pain from his bodily injuries. Also, Alicia Lackie, his spouse, due to his injuries, has sustained a loss of the comfort, society, and companionship of Co-Plaintiff, and is required to now serve as a nurse and caregiver to him.

## CLAIMS

4.      At all pertinent times, Defendants, DuPont, Mid-South Rail, Atlantic or Railserve, Inc., or one of them, selected, installed, owned, controlled and maintained the machine tools [switch stands] involved in this accident and any subsequent aggravations of the initial injury; said switch stands were hazardous because of the probability that they would or could cause spinal injuries to workers under normal use or during any foreseeable misuse; that Defendants, DuPont, Mid-South Rail, Atlantic or Railserve, Inc., or one of them, was negligent in this matter, as it knew or should have known, that a hazardous condition involving their machine tools [switch stands] could arise due to the failure of the machine tools [switch stands] to operate safely or properly or to fail to do so due to design defect, state of repair or any reasonably

3

foreseeable misuse of same, which defect or hazard would or could cause injury to affected workers whose presence and switch operation was essential to the use and running of the DuPont spur track upon which the switch was sited and to be used.

    5. That DuPont, Mid-South Rail and Atlantic, or Railserve, Inc., or one of them, negligently selected, installed, maintained, and repaired these switch stands and permitted same to remain in service well beyond their useful life or period of safe usage; that said negligence is as follows:

    a. Failure to install safe switch stands for use on the subject spur track;

    b. Failure to warn users of the switch stands of the extreme risk of spinal/leg injury associated with the switch stand and known to railroads for more than fifty years;

    c. Failure to recommend, provide or install a Back Safer©, Trihandle©, Bow handle or lever, or comparable safety lever (20% longer, angled, lighter weight), for use with the switch stands;

    d. Failure to provide an "Automater" or "Hydraulic" mechanism to serve in place of a manual lever with the switch stands or a hydraulic switch stand;

    e. Failure to maintain, repair, remove from service, replace, the switch stands, upon timely receipt of notice that it (they) was (were) of a class of primitive railroad switch stand that was no longer safe or appropriate for use and condemned in engineering literature for such for many years; and

    f. Failure to purchase and install a "modern" switch stand commonly available in the market, thereby affording affected workers a margin of safety as respects the

    extreme risk of spinal injury long associated with the specific class of manual switch stand here involved;

 g. Negligent selection, employment and supervision of a contactor and employees to maintain, repair and replace the subject switches, who lacked the care, skill or resources to safely perform its duties; and/or

 h. Failure to provide a safe place to work and safe tools and equipment.

That, for the foregoing defaults, Defendants, DuPont, Mid-South Rail, Atlantic and Railserve, Inc., are liable for all proximately caused harm sustained by Todd Lackie, Plaintiff herein.

## INJURIES AND DAMAGES

6. The Plaintiff seeks damages herein for the following elements of damage due to the fault of the Defendants, viz.:

 (a) Plaintiff's medical expenses, past and future, already in excess of $90,000.00;

 (b) Bodily injury and conscious pain and suffering of the Plaintiff; and

 (c) Plaintiff's emotional distress and mental anguish;

 (d) Plaintiff's impairment and disability;

 (e) Loss of earnings (past); and

 (f) Future economic losses of Plaintiff who, at age 39, with a 26 to 31 year work-life remaining, was earning approximately $28,000.00 a year as a crew leader, train

operator and switch thrower at the time of his injury; said losses are in the range (present value) of $728,000.00 to $868,000.00; and,

(g) Loss of consortium for Alicia Lackie.

WHEREFORE, Plaintiff respectfully prays judgment against Defendants, jointly and severally, as parties acting in concert, for consequential or compensatory damages in the sum of Three Million Dollars ($3,000,000.00) for the Plaintiff's personal injuries; for his clerk and discretionary costs and any other relief to which the Plaintiffs are entitled; that a trial by jury is hereby demanded.

Respectfully submitted,

_____
Mark Ledbetter          TN #17637
Halliburton & Ledbetter
254 Court-Suite 305
Memphis, TN 38103
(901) 523-8153

Attorney for Plaintiff

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. _____

(●) Lawsuit
( ) Divorce

Ad Damnum $ 3,000,000

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| TODD LACKIE, and wife, ALICIA LACKIE | VS | E.J. DUPONT dE NEMOURS and COMPANY, ATLANTIC TRACK & TURNOUT CO., MID-SOUTH RAIL & CONSTRUCTION, LLC; and, RAILSERVE, INC. |

TO: (Name and Address of Defendant (One defendant per summons))

MID-SOUTH RAIL & CONSTRUCTION, LLC
AGENT: Sandra Chandler
2775 Windham
Germantown, TN 38138

Method of Service:
( ) Certified Mail
(✓) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
( ) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on P. Mark Ledbetter, Plaintiff's attorney, whose address is 254 Court Ave., Ste. 305, Memphis, TN 38103, telephone +1 (901) 523-8153 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE _____ Clerk

TESTED AND ISSUED _January 5, 2010_ By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE, Clerk of the Court,
Shelby County, Tennessee, certify this to
be a true and accurate copy as filed this

_____
JIMMY MOORE, Clerk

By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___7___ day of ___Feb___, 20_11_ at __0900__ __A__.M. a copy of the summons and a copy of the Complaint to the following Defendant __Mid South Part Construction LLC__ at __by serving Sandra Chevalier O/A__

_____   By: __[signature]__
Signature of person accepting service                   BILL OLDHAM, SHERIFF
                                                        Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

---

Docket No: CT-000056-11

IN THE (CIRCUIT/CHANCERY) COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SUMMONS IN A CIVIL ACTION

Todd Lackie, and wife, Alicia Lackie
Plaintiff

CIVIL ACTION NO: CT-000056-11

E.I. Dupont de Nemours & Co., et als
Defendant

2011 JAN 11 AM 8:47
SHERIFF OLDHAM

P. Mark Ledbetter
Attorney for Plaintiff/Pro Se

901/523-8153
Telephone Number