IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

TODD LACKIE, and wife,
ALICIA LACKIE

    Plaintiff,

Vs.                                                                                                No.  2:11 – cv- 02181 – JPM - cgc
                                                                                           JURY DEMAND

E.I. DUPONT de NEMOURS and COMPANY,
ATLANTIC TRACK & TURNOUT CO.,
MID-SOUTH RAIL & CONSTRUCTION, LLC,
MID-SOUTH RAIL REPAIR & RECONDITIONING, and
RAILSERVE, INC.

    Defendants.

## AMENDED COMPLAINT

Come now the Plaintiffs, Todd Lackie, and wife, Alicia Lackie, by their attorney, and for his Amended Complaint against the Defendants, E.I. DuPont de Nemours and Company (hereafter "DuPont"), Atlantic Track & Turnout Co. (hereinafter "Atlantic"), Mid-South Rail & Construction, LLC,  (hereafter "MC"), Mid-South Rail Repair and Reconditioning (hereafter "MR") [joinder and amendment by order of Court] and Railserve, Inc. (hereinafter "Railserve"), who state:

### PARTIES

1.       The Plaintiff, Todd Lackie, resides at 1017 Park, West Memphis, AR, 72301; Defendant, DuPont, is a Delaware corporation authorized to and/or doing business in Tennessee and which has caused tortious injury in Tennessee; its registered agent for service of process in Tennessee is C.T. Corporation, 800 S. Gay Street, Ste. 2021, Knoxville, Tennessee 37929; that

the Defendant, Atlantic Track & Turnout Co., is a New Jersey corporation authorized to and/or doing business in Tennessee and which has caused tortious injury in Tennessee or continued the operation of its predecessor (see "MR", infra.); its registered agent for service of process in Tennessee is Jeffrey Grissom, 363 East Bodley, Memphis, TN, 38109; Defendant, Mid-South Rail & Construction, LLC ("MC"), is a Tennessee corporation whose principal address is 2775 Windham, Germantown, Tennessee 38138; its registered agent for service of process is Sandra Chandler, 2775 Windham, Germantown, Tennessee 38138; that Mid-South Rail Repair and Reconditioning (MR) is or was a Tennessee company, partnership or proprietorship doing business at 387 E. Bodley Ave., Memphis, TN 38109 (901/946-9456), and Jeffrey Grissom, 363 E. Bodley, Memphis, TN 38108, is believed to be the manager of the sued enterprises; that Defendant, Railserve, Inc. is a foreign corporation whose principal address is 1691 Phoenix Blvd., Atlanta, Georgia 30349; its registered agent for service of process is The Prentice-Hall Corporation, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203.

## JURISDICTION

2. Plaintiffs are citizens of the State of Arkansas and Defendants are corporations deemed citizens incorporated under the laws of states other than Arkansas. The instant case arises out of transactions occurring in Shelby County, Tennessee. The matter in controversy exceeds the sum, exclusive of interest and costs, that is specified by 28 U.S.C. § 1332.

## ACCIDENT

3. That on the 7th day of January, 2010, Todd Lackie, 39, was severely injured while employed or contracted by Railserve, Inc., a corporate rail-switching enterprise/entity, at their

facility at 3614 Fite Road, Millington, TN, 38053.  Defendant, DuPont, is or was the owner of a series of railroad spur tracks and switch stands associated with Plaintiff's accident and injuries, including any aggravation thereof; that Plaintiff, Todd Lackie, sustained a severe spinal injury due to a primitive and faulty rail switch stand maintained by DuPont, MC, MR, Atlantic and Railserve, Inc.; that said switch stand(s) lacked adequate operator, safety and maintenance instructions and safety devices, was of poor design and failed to perform in its intended manner; that the injuries of Todd Lackie in the occurrence described here required and will continue to require extensive medical care and hospitalization; he has incurred medical expenses in excess of $128,400.00 to date; these medical expenses are ongoing; said accident caused him to otherwise sustain monetary or pecuniary loss and includes past and future earnings' loss and impairment of his capacity to earn and will require future and lifetime medical care and attendant costs,  for which claim is hereby made. Plaintiff has also suffered and continues to suffer excruciating pain from his bodily injuries. Also, Alicia Lackie, his spouse, due to his injuries, has sustained a loss of the comfort, society, and companionship of Co-Plaintiff, and is required to now serve as a nurse and caregiver to him; therefore, Alicia Lackie seeks compensation for loss of consortium.

## CLAIMS

4.      At all pertinent times, Defendants, DuPont, MC, MR, Atlantic or Railserve, Inc., or some of them, selected, installed, owned, controlled and maintained the machine tools [switch stands] involved in this accident and any subsequent aggravations of the initial injury; said switch stands were hazardous because of the probability that they would or could cause spinal injuries to workers under normal use or during any foreseeable misuse; that Defendants, DuPont,

MC, MR, Atlantic or Railserve, Inc., or some of them, were negligent in this matter, as it/they knew or should have known, that a hazardous condition involving these machine tools [switch stands] could arise due to the failure of the machine tools [switch stands] to operate safely or properly or to fail to do so due to design defect, state of repair or any reasonably foreseeable misuse of same, which defect or hazard would or could cause injury to affected workers whose presence and switch operation was essential to the use and running of the DuPont spur track upon which the switch was sited and to be used.

     5.   That DuPont, MC, MR, Atlantic, or Railserve, Inc., or some of them, negligently selected, installed, maintained, and repaired these switch stands and permitted same to remain in service well beyond their useful life or period of safe usage; that said negligence is as follows:

     a.   Failure to install safe switch stands for use on the subject spur track;

     b.   Failure to warn users of the switch stands of the extreme risk of spinal/leg injury associated with the switch stand and known to railroads for more than fifty years;

     c.   Failure to recommend, provide or install a Back Safer©, Trihandle©, Bow handle or lever, or comparable safety lever (20% longer, angled, lighter weight), for use with the switch stands;

     d.   Failure to provide an "Automater" or "Hydraulic" mechanism to serve in place of a manual lever with the switch stands or a hydraulic switch stand;

     e.   Failure to maintain, repair, remove from service, replace, the switch stands, upon timely receipt of notice that it (they) was (were) of a class of primitive railroad switch stand that was no longer safe or appropriate for use and condemned in engineering literature for many years; and

    f.      Failure to purchase and install a "modern" switch stand commonly available in the market, thereby affording affected workers a margin of safety as respects the extreme risk of spinal injury long associated with the specific class of manual switch stand here involved;

    g.      Negligent selection, employment and supervision of a contactor and employees to maintain, repair and replace the subject switches, who lacked the care, skill or resources to safely perform its duties; and/or

    h.      Failure to provide a safe place to work, and safe premises, and safe tools and equipment.

That, for the foregoing defaults, Defendants, DuPont, MC, MR, Atlantic and Railserve, Inc., are liable for all proximately caused harm sustained by Todd Lackie, Plaintiff herein.

## INJURIES AND DAMAGES

6.     The Plaintiff seeks damages herein for the following elements of damage due to the fault of the Defendants, *viz*.:

    (a)    Plaintiff's medical expenses, past and future, already in excess of $128,400.00;

    (b)    Bodily injury and conscious pain and suffering of the Plaintiff; and

    (c)    Plaintiff's emotional distress and mental anguish;

    (d)    Plaintiff's impairment and disability;

    (e)    Loss of earnings (past); and

    (f)    Future economic losses of Plaintiff who, at age 39, with a 26 to 31year work-life remaining, was earning approximately $28,000.00 a year as a crew leader, train

       operator and switch thrower at the time of his injury; said losses are in the range (present value) of $728,000.00 to $868,000.00; and,

(g)    Loss of consortium for Alicia Lackie.

WHEREFORE, Plaintiff respectfully prays judgment against Defendants, jointly and severally, as parties acting in concert, for consequential or compensatory damages in the sum of Three Million Dollars ($3,000,000.00) for the Plaintiff's personal injuries; for his clerk and discretionary costs and any other relief to which the Plaintiffs are entitled; that a trial by jury is hereby demanded.

Respectfully submitted,

/s/ Mark Ledbetter_____
Mark Ledbetter    TN #17637
Halliburton & Ledbetter
254 Court-Suite 305
Memphis, TN 38103
(901) 523-8153

Attorney for Plaintiff

6

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a copy of the foregoing via the ECF System to the following attorneys on this 21st day of April, 2011:

Robert L. Crawford/Ahsaki Baptist
Wyatt, Tarrant & Combs, LLP
1715 Aaron Brenner Drive
Suite 800
Memphis, TN  38120
abaptist@wyattfirm.com (Ahsaki Baptist)
lcrawford@wyattfirm.com  (Larry Crawford)

S. Newton Anderson
Spicer Rudstrom, PLLC
175 Toyota Plaza, Ste. 800
Memphis, TN  38103
sna@spicerfirm.com

John E. Quinn
Manier & Herod
One Nashville, Place
150 Fourth Avenue, North, Ste. 2200
Nashville, TN  37219
www.JQUINN@manierherod.com

Molly Glover/Steve N. Snyder
Leitner, Williams, Dooley& Napolitan, PLLC
Brinkley Plaza, Ste. 800
80 Monroe Avenue
Memphis, TN  38103
Molly.glover@leitnerfirm.com
Steven.snyder@leitnerfirm.com

/s/ Mark Ledbetter_____
Mark Ledbetter, Certifying Attorney