IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TODD LACKIE, and wife,
ALICIA LACKIE,

       Plaintiffs,

  v.                                  Civil No. 11-2181-JPM

E.I. DUPONT de NEMOURS AND
COMPANY, and
MID-SOUTH RAIL &
CONSTRUCTION, LLC,

       Defendants.

**ORDER DENYING DEFENDANT MID-SOUTH RAIL & CONSTRUCTION, LLC'S MOTION FOR DISMISSAL OF PLAINTIFFS' AMENDED COMPLAINT**

Before the Court is Defendant Mid-South Rail & Construction, LLC's ("Mid-South") Motion for Dismissal of Plaintiffs' Amended Complaint (Docket Entry ("D.E.") 64), filed on October 24, 2011. Plaintiffs filed their response in opposition on November 21, 2011. (D.E. 66.) Mid-South filed its reply on December 6, 2011. (D.E. 69.) For the reasons that follow, Mid-South's Motion is DENIED.

**I. Background**

Plaintiffs Todd and Alicia Lackie allege that a faulty railroad switch caused Mr. Lackie to suffer a severe spinal injury. (Am. Compl. (D.E. 22) ¶ 3.) Plaintiffs allege that Defendants E.I. DuPont de Nemours and Company ("DuPont") and

1

Mid-South "negligently selected, installed, maintained, and repaired" the railroad switch that caused Mr. Lackie's injury.[1] (Id. ¶ 5.) On January 5, 2011, Plaintiffs filed suit in the Circuit Court of Shelby County, Tennessee, seeking damages for Mr. Lackie's medical expenses, pain and suffering, and past and future economic losses, and for Mrs. Lackie's loss of consortium. (Compl. (D.E. 1-2) ¶ 6.) Defendants removed the action to this Court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 on March 9, 2011. (Notice of Removal (D.E. 1) 3.)

**II. Standard of Review**

Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)] if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

---

[1] Plaintiffs' Amended Complaint alleged Mid-South Rail Repair & Reconditioning and Atlantic Track & Turnout Co. may have also "selected, installed, owned, controlled, and maintained" the rail switch at issue. (Am. Compl. ¶ 4.) Pursuant to Plaintiffs' Notice of Dismissal Without Prejudice (D.E. 39), the Court dismissed Plaintiffs' claims against these defendants without prejudice. (D.E. 40.)

2

The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences," and "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. (internal citations and quotation marks omitted) (alteration in original).

## III. Analysis

### a. Choice of Law

This Court has jurisdiction based on diversity of citizenship. "A federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits, including the state's choice-of-law rules." Charter Oak Fire Ins. Co. v. Broan Nutone, LLC, 348 F. Supp. 2d 934, 938 (W.D. Tenn. 2004). Tennessee courts follow the doctrine of lex loci delicti in tort actions, applying the substantive law of the state where the injury occurred. Hataway v. McKinley, 830 S.W.2d 53, 55 (Tenn. 1992). Accordingly, because Mr. Lackie's injury occurred in Tennessee, the Court will apply the substantive law of Tennessee.

### b. Plaintiffs' Negligence Claim

Under Tennessee law, a plaintiff must establish the

3

following elements to sustain a negligence claim: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation." Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 89 (Tenn. 2000). Accepting the allegations contained in Plaintiffs' Amended Complaint as true, the Court finds that Plaintiffs put forth sufficient factual matter to establish a claim for negligence.

As an initial matter, the Court notes that Plaintiffs' Response quotes extensively from documents produced during the parties' discovery. (See Pls.' Mem. of Law in Opp'n to Def. Mid-South Rail & Constr., LLC's Mot. for Dismissal of Pls.' Am. Compl. (D.E. 66-1) 5-10.) Plaintiffs use these documents to support their assertion that Mid-South owed them a duty of care. When ruling on a Rule 12(b)(6) motion, however, courts may only consider "the complaint as well as 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" Bowers v. Wynne, 615 F.3d 455, 470 (6th Cir. 2010) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). Neither Plaintiffs' Complaint nor the Amended Complaint included or referenced the documents relied upon by Plaintiffs in their Response. Accordingly, the Court will disregard the Plaintiffs' references to these

4

documents in ruling on Mid-South's Motion to Dismiss.

Nevertheless, Plaintiffs' Amended Complaint contains sufficient factual allegations to establish that Mid-South owed Plaintiffs a duty of care. The Tennessee Supreme Court defines duty as "the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm." McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). In Lindsey v. Miami Development Corp., 689 S.W.2d 856 (Tenn. 1985), the Tennessee Supreme Court posed the question of duty as

> '[W]hether, upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of others – or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant. . . . A decision by the court that, upon any version of the facts, there is no duty, must necessarily result in judgment for the defendant. A decision that if certain facts are found to be true, a duty exists, leaves open the other questions now under consideration [concerning the existence of negligence].'

Id. at 858–59 (quoting Prosser & Keaton, Torts § 37 (5th ed. 1984)) (alteration in original). "Stated succinctly, a duty of reasonable care exists if defendant's conduct poses an unreasonable and foreseeable risk of harm to persons or property." McCall, 913 S.W. 2d at 153.

Plaintiffs' Amended Complaint alleges that Mid-South

5

"selected, installed, owned, controlled, and maintained the machine tools [switch stands] involved in this accident." (Am. Compl. ¶ 4 (alteration in original).) The Amended Complaint further alleges that these switch stands "were hazardous because of the probability that they would or could cause spinal injuries to workers under normal use or during any foreseeable misuse." (Id.) Mid-South "knew or should have known, that a hazardous condition involving these machine tools [switch stands] could arise due to the failure of the machine tools [switch stands] to operate safely or properly or to fail to do so due to design defect, state of repair or any reasonably foreseeable misuse." (Id. (alterations in original)) These allegations, which the Court must accept as true in ruling on Defendant's Motion to Dismiss, establish that Mid-South owned Plaintiffs a duty of care. Mid-South's selection, installation, ownership, control, and maintenance of the switch stand in question would obligate Mid-South to ensure that the operation of the switch stand did not create an unreasonable risk of harm. Under the set of facts alleged by Plaintiffs, Mid-South had a duty to ensure the switch stand was reasonably safe to use.

Plaintiffs allege that Mid-South breached its duty by its "[f]ailure to install safe switch stands for use on the subject spur track;" "[f]ailure to recommend, provide or install a Back Safer©, Trihandle©, Bow handle or level, or comparable safety

6

lever . . . for use with the switch stands;" "[f]ailure to provide an 'Automater' or 'Hydraulic' mechanism to serve in place of a manual lever with the switch stands or a hydraulic switch stand;" "[f]ailure to maintain, repair, remove from service, replace, the switch stands, upon timely receipt of notice that it . . . was . . . of a class of primitive railroad switch stand that was no longer safe or appropriate for use;" "failure to purchase and install a 'modern' switch stand commonly available in the market;" and "failure to provide a safe place to work, and safe premises, and safe tools and equipment." (Am. Compl. ¶ 5.) These factual allegations, if true, would constitute a breach of a duty of reasonable care by Mid-South. Plaintiffs' Amended Complaint, therefore, alleges sufficient factual matter to satisfy the second element of a negligence claim.

Turning to the issue of Plaintiffs' injuries, the Amended Complaint states that Plaintiff Todd Lackie suffered a spinal injury that required extensive medical care and hospitalization, costing in excess of $128,400.00. (Id. ¶ 3.) Mr. Lackie allegedly "suffered and continues to suffer excruciating pain from his bodily injuries." (Id. ¶ 3.) Plaintiffs are also seeking damages for Mr. Lackie's loss of earnings, both past and future. (Id. ¶ 6.) Plaintiff Alicia Lackie alleges she "sustained a loss of the comfort, society, and companionship of

7

[Mr. Lackie]," and is seeking damages for her loss of consortium. (Id. ¶ 3.) Based on these allegations, Plaintiffs have satisfied the element of injury.

Lastly, Plaintiffs have sufficiently pled causation. Plaintiffs allege in the Amended Complaint that "Plaintiff, Todd Lackie, sustained a severe spinal injury due to a primitive and faulty rail switch stand maintained by . . . MC [Mid-South]." (Id. ¶ 3.) The Amended Complaint further states that Alicia Lackie, "due to his [Todd Lackie's] injuries, has sustained a loss of the comfort, society, and companionship of [Mr. Lackie]."(Id.) These are adequate allegations of causation to satisfy the pleading requirements of Rule 8 and survive a Rule 12(b)(6) motion to dismiss.

Plaintiffs have stated in their Amended Complaint a claim for negligence that is plausible on its face. Accepting the allegations in the Amended Complaint as true, Plaintiffs have established the elements of a negligence claim against Mid-South. Accordingly, Defendant Mid-South's Motion to Dismiss is DENIED.

## IV. Conclusion

For the foregoing reasons, Defendant Mid-South's Motion to Dismiss is DENIED. This case will proceed according to the Scheduling Order (D.E. 25).

**IT IS SO ORDERED** this 23rd day of January, 2012.

                                              _s/ Jon P. McCalla_____
                                              JON P. McCALLA
                                              CHIEF U.S. DISTRICT JUDGE